SO ORDERED.

Dated: September 25, 2013

Daniel P. Collins, Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT

# THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>MARVIN D. BRODY,<br><br>Debtor. | Chapter 11 Proceedings<br><br>Case No. 2-13-bk-01848-DPC<br><br>**ORDER DENYING RELIEF IN PART AND GRANTING RELIEF IN PART** |

This matter came before the Court upon Debtor's *Motion for Relief from Order and/or Reconsideration of the Order Dated August 19, 2013, re Motion Concerning Disclosure Statement and Plan Confirmation* (the "**Motion for Reconsideration**"). The Motion for Reconsideration was filed under Bankruptcy Rules 9023 and 9024. Geared Equity LLC, a secured creditor in the case, ("**Geared Equity**") filed a response in opposition to the relief sought by the Debtor in the Motion for Reconsideration.

The Court conducted a hearing on the Motion for Reconsideration on September 10, 2013, at which Debtor's counsel and Geared Equity's counsel appeared, after notice was provided to all creditors. After considering the entire record, and the argument of counsel;

**THE COURT HEREBY FINDS:**

1. The Debtor's Motion for Reconsideration, except as set forth herein, failed to meet the requirements for granting relief under Rules 9023 and 9024, and should be denied as a result.

2. The Debtor's Motion for Reconsideration should be granted in so far as the Court did not originally consider, and the parties did not brief the issue of whether or not default interest under

Geared Equity's loan documents would be allowed under the substantive law which is applicable to the contract provisions.

Based on the Court's findings:

**IT IS HEREBY ORDERED:**

1. Debtor's Motion for Reconsideration is granted in part, limited only to the Court's consideration of the issue as to whetheror not the substantive law which would be applied to the Parties contract terms would disallow default interest under the circumstances of this case.

2. The relief sought in Debtor's Motion for Reconsideration is denied in all other respects.

3. Debtor shall, within 14 days of the entry of this Order, file with the Court and serve on counsel for Geared Equity, its pleading setting forth its position regarding the allowability of default interest as part of the allowed claim of Geared Equity.

4. Geared Equity shall respond within 28 days of the entry of this Order and Debtor shall reply, if Debtor believes that to be necessary, within 35 days of the entry of this Order.

5. The court will conduct a hearing on the issue at 11:00 a.m. on November 12, 2013.

**DATED AND SIGNED ABOVE.**