SO ORDERED.

Dated: November 4, 2013

*Daniel P. Collins*

**Daniel P. Collins, Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT

# THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>MARVIN D. BRODY,<br><br>Debtor. | Chapter 11 Proceedings<br><br>Case No. 2-13-bk-01848-DPC<br><br>**ORDER PURSUANT TO 11 U.S.C. § 502(B), FED. R. BANKR. P. 3007 AND LOCAL RULE 3007-1 DISALLOWING CLAIM # 3 OF DOWNSVIEW DESIGNS AND CLAIM # 6 OF DAIMLER TRUST AS IDENTIFIED IN THE DEBTOR'S FIRST OMNIBUS OBJECTION TO CLAIMS** |

Upon consideration of the *Debtor's First Omnibus Objections to Claims (A) Which Have Been Filed in the Wrong Case, Given That They Do Not Exist as Against the Debtor; (B) Which Have Already Been Satisfied or Where There is Otherwise No Balance Due; (C) For Which a Proof of Claim was not Timely Filed; and (D) Which are Duplicative of Other Claims Filed in the Debtor's Bankruptcy Case* (the "**First Omnibus Objection**," Dkt. # 137) filed by Marvin D. Brody (the "**Debtor**"), and notice of the First Omnibus Objection having been full and proper, and there having been no responses timely filed, or otherwise presented, in connection with the claims of Downsview Designs [Claim # 3] and Daimler Trust [Claim # 6] identified in the First Omnibus Objection, pursuant to 11 U.S.C. § 502(b), Fed. R. Bankr. P. 3007, and Local Rule 3007-1, and with good cause appearing,

**IT IS HEREBY FOUND AND CONCLUDED THAT:**

A. This Court has jurisdiction over the First Omnibus Objection pursuant to 28 U.S.C. § 1334, and the First Omnibus Objection presents a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (B).

B. Each of the objections presented by the First Omnibus Objection represents a separate contested matter as contemplated by Fed. R. Bankr. P. 9014.

C. The First Omnibus Objection objected to the allowance of certain claims filed in the Debtor's bankruptcy case or described in the Debtor's bankruptcy schedules (the "**Disputed Claims**").

D. As evidenced by the *Certificate of Service and No Objections with Respect to Certain Claims Identified by the Debtor's First Omnibus Objection to Claims* filed by the Debtor, each holder of a Disputed Claim was properly and timely served with a copy of the First Omnibus Objection and the related *Notice of Bar Date for Responses to the Debtor's First Omnibus Objection to Claims* (the "**Bar Date Notice**").

E. Notice of the First Omnibus Objection was full and proper, and complied with the applicable requirements of the United States Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.

F. Daimler Trust [Claim # 6] and Downsview Designs [Regarding duplicate Claim # 3] failed to timely file, or otherwise present, a response thereto (the "**Disallowed Claims**").

G. The claims of Bank of America / PHH Mortgage Corp., Bank of America NA, Closet Factory, John Borneman d/b/a Borneman Plaster, SRJ Construction and Design, LLC, Patrick James Yancey d/b/a Y Electric, to which an objection was made in the First Omnibus Objection, either (a) filed a formal response; (b) contacted Debtor's counsel to receive an extension of the deadline for the filing of a response to the First Omnibus Objection; or (c) conferred with Debtor's counsel to otherwise resolve the First Omnibus Objection as it related to them (hereinafter, the "**Adjourned Claims**").

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. As it relates to the Disallowed Claims, the First Omnibus Objection is GRANTED.

2. The Disallowed Claims are hereby disallowed.

3. This Order shall be deemed a separate order and judgment with respect to each of the Disallowed Claims, such that any stay or appeal of this Order shall only affect the Disallowed Claim to which it relates, and shall not affect the applicability or finality of this Order with respect to any other Disallowed Claim, and there is no just reason for delay in the entry of this Order as to each Disallowed Claim.

4. This Order shall have no effect on the Adjourned Claims, or the Debtor's objections thereto, or any of the separate objections filed in addition to the First Omnibus Objection, and shall not be construed to determine or conclude any matters relating thereto, rather those objections will be adjudged by separate order.

5. Entry of this Order is without prejudice to the Debtor's right to amend, modify, or supplement the First Omnibus Objection, or to file additional objections to any other claim which may be asserted against the Debtor's bankruptcy estate.

**DATED AND SIGNED ABOVE**