# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

# Minute Entry

## Hearing Information:

|  |  |
|---|---|
| **Debtor:** | MARVIN D. BRODY |
| **Case Number:** | 2:13-bk-01848-DPC    **Chapter:** 11 |
| **Date / Time / Room:** | FRIDAY, DECEMBER 27, 2013 11:00 AM   6TH FLOOR #601 |
| **Bankruptcy Judge:** | DANIEL P. COLLINS |
| **Courtroom Clerk:** | ELIZABETH IRISH |
| **Reporter / ECR:** | KAYLA COLASONT |

## Matter:

Emergency Motion to Approve Motion for Distribution of Sale Proceeds to the Debtor filed by MICHAEL W. ZIMMERMAN of POLSINELLI PC on behalf of Marvin D. Brody

**R / M #:**   227 / 0

## Appearances:

WESLEY RAY, ATTORNEY FOR MARVIN D. BRODY
NICK HOSKINS, ATTORNEY FOR ACOUSTIC DESIGNS INC
BOB MILLER, ATTORNEY FOR GEARED EQUITY LLC
MATHIAS BILLTOWER, ATTORNEY FOR SRJ CONSTRUCTION AND DESIGN

# Minute Entry

(continue)...    2:13-bk-01848-DPC        FRIDAY, DECEMBER 27, 2013 11:00 AM

## *Proceedings:*

Mr. Ray responds to the Court stating there have been no discussions. He discusses the objection filed by Geared Equity and a couple joinders. The debtor is asking for immediate distribution of $75,000.00 and for a hearing to discuss a further distribution of $625,000.00. He responds to the Court's questions. A million seven will remain with the title company until further order of the Court. He does not know what the I. R. S. claim will be. He is seeking an order for the title company to release funds. There will be enough to pay everyone in full. The revised plan is being held up because of the appeal. He provides a status on the appeal.

Mr. Miller is struggling here. The parties have not talked about it at all. It is highly troublesome. He discusses mechanics liens and attorney fees. He suggests the matter be set over and the debtor talk to the creditors.

Mr. Hoskins does not have a lot to add. He represents one of the mechanics liens claimants. They have not been paid anything. He responds to the Court's questions. He advises the Court what his clients claimed, Acoustic about $40,000.00, JC King has an agreement in principle subject to the Borneman issue ruled upon earlier, and Borneman about $20,000.00.

Mr. Billtower also doesn't have a great deal to add. It was his client's money and effort that lead to the completion of the Coronado house and the issuance of the certificate of occupancy. He responds to the Court's questions. His client's pre-petition claim is $287,000.00. The post petition claim could be several hundred thousand. His client has provided a home that Mr. Brody's daughter lives in rent free. His client is paying the mortgage. He is attempting to do a comprehensive settlement. He opposes this. His attorney fees are underestimated. He is not sure how the post petition items will work out.

Mr. Ray responds to the Court's questions. There is no other source of income. The debtor is not working and is in his 70's. He does not know if the debtor is receiving a pension. He explains that the insurance lapsing is what prompted the filing of the emergency. He discusses the use of property of the estate for ordinary and necessary expenses. He responds to the Court regarding the life insurance policy. The beneficiaries are his children. He does not know who issued the policy or the amount.

COURT: THERE ARE A LOT OF UNANSWERED QUESTIONS HERE. THE PARTIES NEED TO TALK TO EACH OTHER. THE COURT'S BIGGEST SINGLE CONCERN IS WHAT LIABILITY IS OWED TO THE I. R. S. THE COURT WILL CONTINUE THIS MATTER TO 01-06-2014 AT 10:00 AM. THE COURT SUGGESTS THAT COUNSEL HAVE A DISCUSSION WITH THE CREDITORS TO SEE WHAT CAN BE DONE TO ELIMINATE THE OBJECTIONS. THE COURT NEEDS PROOF OF WHAT THE DEBTOR HAS ON HAND, WHAT IS GOING TO GET PAID, WHAT IS THE SURPLUS, AND WHY ANY OF THESE EXPENSES ARE ORDINARY OR NECESSARY. THE COURT DOES NOT KNOW ENOUGH. COUNSEL NEEDS TO ESTABLISH A BETTER EVIDENTIARY RECORD. THE COURT WILL TAKE EVIDENCE ON 01-06-2014. THE COURT DOES NOT WANT A WITNESS ON THE TELEPHONE. THE COURT WILL NOT DENY IT TODAY BUT WILL CONTINUE IT TO ADDRESS THE QUESTIONS THE COURT IS HOPING CAN BE ANSWERED AT THAT TIME.