SIGNED.

Dated: January 20, 2014

Daniel P. Collins, Bankruptcy Judge
_____

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>MARVIN D. BRODY,<br><br>Debtor. | In Proceedings Under Chapter 11<br><br>Case No. 2:13-bk-01848-DPC<br><br>**ORDER RESOLVING GEARED EQUITY, LLC'S OBJECTION TO DEBTOR'S MOTION TO DISTRIBUTE SALE PROCEEDS**<br><br>Hearing Date: January 6, 2014<br>Hearing Time: 10:00 a.m. |

This matter came before the Court pursuant to the Debtor's *Emergency Motion For Distribution Of Sale Proceeds To the Debtor* (the "Motion") dated December 19, 2013. [DE #230] Geared Equity, LLC ("Geared Equity") filed an objection to the Motion. [DE #236] Geared Equity's objection is fully resolved pursuant to the terms of this Order. Based on the record before the Court and the stipulation of the parties set forth in this Order,

**THE COURT HEREBY FINDS AND CONCLUDES AS FOLLOWS:**

1. The Debtor previously appealed two orders of this Court which were entered in favor of Geared Equity. *See* Order dated August 16, 2013 [DE # 116]; Order dated November 21, 2013 [DE # 207] (the "Appealed Orders" and, collectively, the "Appeals")). Nothing in this Order constitutes a waiver or modification of the rights of either of the parties in the Appeals.

2. First American Title Company (the "Escrow Agent") is holding in escrow certain net sale proceeds owned by the Debtor, which escrow is identified as File No. DIV-4174491 (the "First Escrow").

Bryan Cave LLP
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004-4406

753103.1\N000075
46774960.1

3. The Debtor and Brody have arranged for the Escrow Agent to establish a second escrow pursuant to the terms of a written escrow agreement (the "Second Escrow" and the "Escrow Agreement," respectively). A true and correct copy of the Escrow Agreement is attached hereto as Exhibit A.

4. The Court has jurisdiction to enter this Order. The matters addressed herein constitute a core proceeding with respect to which this Court has the authority to enter a final order. The matters addressed herein have been duly and properly noticed.

5. There is good cause to enter this Order.

Based on the foregoing, **IT IS HEREBY ORDERED AS FOLLOWS:**

A. This Order shall be effective upon entry of this Order and execution of the Escrow Agreement by the Debtor, Geared Equity, and the Escrow Agent. Upon the effective date of this Order, Geared Equity's objection shall be deemed withdrawn without any other or further action.

B. The Debtor shall transfer $200,000 in cash from the First Escrow to the Second Escrow (the "Appeal Reserve"), which funds are reserved for payment to: (i) Geared Equity upon final resolution of the Appeals in favor of Geared Equity; or (ii) the Debtor upon final resolution of the Appeals in favor of the Debtor.

C. The Escrow Agent shall be, and hereby is, authorized to transfer the $200,000 constituting the Appeal Reserve from the First Escrow to the Second Escrow and, upon entry of final and non-appealable orders resolving both of the Appeals, to release the Appeal Reserve ($200,000 plus interest) from the Second Escrow to the prevailing party in the Appeals.

D. The Debtor shall transfer $150,000 in cash from the First Escrow to the Second Escrow (the "Initial Fee/Cost Reserve"), which funds are reserved for reimbursement to Geared Equity for reasonable legal fees and costs upon entry of an order by this Court, after application, notice, and opportunity for hearing, that Geared Equity's fees and costs are allowed pursuant to section 506(b) of the Bankruptcy Code (the "Approval Order").

E. The Escrow Agent shall be, and hereby is, authorized to transfer the $150,000 constituting the Initial Fee/Cost Reserve from the First Escrow to the Second Escrow and, upon

entry of an Approval Order, to pay to Geared Equity the cash amount set forth in the Approval Order.

F. The Debtor shall also transfer $50,000 in cash from the First Escrow to the Debtors' debtor-in-possession account (the "Supplemental Fee/Cost Reserve"), which funds are established as an additional reserve for payment of legal fees and costs to Geared Equity upon full disbursement of the funds in the Initial Fee/Cost Reserve and entry of an order by this Court that Geared Equity's fees and costs are allowed pursuant to section 506(b) of the Bankruptcy Code.

G. The Escrow Agent shall be, and hereby is, authorized to transfer the $50,000 constituting the Supplemental Fee/Cost Reserve from the First Escrow to the Debtor's debtor-in-possession account. The Debtor shall be, and hereby is, ordered to retain not less than $50,000 in cash in his debtor-in-possession account, which funds will be available to satisfy Geared Equity's section 506(b) claim in the event: (i) the Initial Fee/Cost Reserve is fully disbursed to Geared Equity; and (i) the Court enters an order allowing such additional fees and costs under section 506(b) of the Bankruptcy Code.

H. The Escrow Agent's fees and costs associated with the Second Escrow shall be paid in equal (fifty percent) shares by Geared Equity and the Debtor's estate.

I. Nothing in this Order limits the claim Geared Equity may assert pursuant to section 506(b) of the Bankruptcy Code, nor does this Order constitute a waiver by the Debtor of any objection or defense to such claim.

J. This Order and the terms hereof shall be, and hereby are, binding upon the Debtor and the Debtors' estate, and upon any trustee that may be appointed in the Debtor's bankruptcy case.

K. Geared Equity hereinafter shall not object to any matters presented by the Debtor to the Court unless Geared Equity reasonably believes such matter(s) may have an adverse impact on Geared Equity's economic rights in this bankruptcy case.

1  L. The terms of this Order control over any inconsistency or ambiguity between this
2  Order and the Escrow Agreement. The Court retains jurisdiction to address any disputes arising
3  under this Order and/or the Escrow Agreement.
4  **SIGNED AND DATED AS SET FORTH ABOVE.**

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406

753103.1\N000075
46774960.1

4

# EXHIBIT A

**STRICT JOINT ESCROW AGREEMENT**

This escrow agreement ("Escrow Agreement") dated as of January __, 2014, is entered into by and among First American Title Insurance Company ("Escrow Agent"), Geared Equity, LLC ("Geared Equity"), and Marvin D. Brody, in his individual capacity and in his capacity as debtor in possession.

W I T N E S S E T H:

WHEREAS, Mr. Brody is a chapter 11 debtor before the Bankruptcy Court for the District of Arizona, in Case No. 2-13-bk-01848-DPC (the "Court" and "Bankruptcy Case," respectively), and Geared Equity is a secured creditor in Mr. Brody's Bankruptcy Case.

WHEREAS, Geared Equity and Mr. Brody have agreed to escrow certain funds pursuant to an agreement of record in the Bankruptcy Case which is embodied in that certain *Order Resolving Geared Equity, LLC's Objection To Debtor's Motion To Distribute Sale Proceeds* dated January __, 2014 (the "Stipulated Order"). All defined terms in the Stipulated Order are incorporated herein.

WHEREAS, Escrow Agent has agreed to act as escrow agent with respect to the Appeal Reserve and the Initial Fee/Cost Reserve, as such terms are defined in the Stipulated Order, pending final resolution of the Appeals.

NOW THEREFORE, for and in consideration of the foregoing, and the mutual covenants and agreements herein contained, the parties hereto stipulate, covenant, and agree as follows:

1. Escrow Agent agrees to act as escrowee, and to transfer the Appeal Reserve, in whole including accrued interest thereon, to the prevailing party entitled thereto upon entry of final and non-appealable orders entered with respect to the Appeals. Escrow Agent shall, at all times, have the right and obligation to disburse the Appeal Reserve, or any portion thereof, in accordance with a joint, written instruction signed by legal counsel for both Geared Equity and Mr. Brody.

2. Escrow Agent further agrees to act as escrowee, and to transfer the Initial Fee/Cost Reserve, in whole or in part, to Geared Equity upon receipt of a certified Approval Order, in the amount as approved by the Bankruptcy Court in the Approval Order. Escrow Agent shall, at all times, have the right and obligation to disburse the Initial Fee/Cost Reserve, or any portion thereof, in accordance with a joint, written instruction signed by legal counsel for both Geared Equity and Mr. Brody.

3. Escrow Agent is acting for both Geared Equity and Mr. Brody.

4. Escrow Agent hereby acknowledges receipt of the Appeal Reserve in the amount of Two Hundred Thousand Dollars ($200,000.00).

5. Escrow Agent further hereby acknowledges receipt of the Initial Fee/Cost Reserve in the amount of One Hundred Fifty Thousand Dollars ($150,000.00).

6. *Exhibit "1" Standard Conditions Of Escrow* are attached hereto and incorporated herein.The fees of Escrow Agent for acting hereunder are set forth in Exhibit 2 hereto, payable in equal (fifty percent) shares by Mr. Brody and Geared Equity.

7. Any required notices shall be given at the following addresses:

> If to Escrow Agent:
>
> First American Title Insurance Company
> 2425 East Camelback Road, #300
> Phoenix, Arizona 85016
> Attn: Sheila Hunter
> Telephone No.: (602) 567-8111
>
> If to Geared Equity:
>
> Bryan Cave LLP
> 2 North Central Avenue
> Suite 2200
> Phoenix, Arizona 85004
> Attn: Robert J. Miller, Esq.
> Facsimile: (602) 364-7070
>
> If to Mr. Brody:
>
> Polsinelli PC
> One East Washington Street
> Suite 1200
> Phoenix, Arizona 85004
> Attn: John J. Hebert, Esq.
> Facsimile: (602) 264-7033

8. If conflicting demands are made upon Escrow Agent or legal action in connection with this Escrow Agreement, Escrow Agent may withhold and stop all further proceedings without liability therefor, or Escrow Agent may file suit interpleader or declaratory relief in the Bankruptcy Case.

9. Amendments to this Escrow Agreement shall be in writing, signed by all parties hereto, and shall be considered the same as this Escrow Agreement.

10. No waiver by either party of any breach of any term or condition of this Escrow Agreement shall operate as a waiver of any other breach of such term or condition or of any other term or condition. No failure to enforce such provision shall operate as a waiver of such provision or of any other provision hereof, or constitute or be deemed a waiver or release of

2

753178.1\0342741
Case 2:13-bk-01848-DPC   Doc 255   Filed 01/20/14   Entered 01/21/14 09:33:44   Desc
Main Document   Page 6 of 13

any other party for anything arising out of, connected with, or based upon this Escrow Agreement.  This Escrow Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective transferees, successors, and assigns.

      11.    This Escrow Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument.

3

753178.1\0342741
Case 2:13-bk-01848-DPC    Doc 255    Filed 01/20/14    Entered 01/21/14 09:33:44    Desc
Main Document    Page 7 of 13

IN WITNESS WHEREOF, the undersigned have caused this ESCROW AGREEMENT to be executed by their officers thereunto duly authorized as of the day and year first above written.

ESCROW AGENT

FIRST AMERICAN TITLE INSURANCE COMPANY
(a California corporation)

By:
Name:
Title:

GEARED EQUITY, LLC
(an Arizona limited liability company)

By:
Name:
Title:

MARVIN D. BRODY

4

# EXHIBIT "1"
# STANDARD CONDITIONS OF ESCROW
# (HOLDBACK / JDA ACCOUNT)

**RECITALS:**

A.  This Escrow Agreement is made and executed for the sole benefit of the parties hereto and Escrow Agent.  It is the intention of the parties hereto that no materialman or supplier concerned with the construction of improvements upon the property shall be or shall be considered to be a third party Beneficiary, either incidentally or directly, of this Escrow Agreement.

B.  The parties hereto understand that the extent of the obligation of Escrow Agent hereunder is to receive and disburse monies in the manner hereinafter set forth, and Escrow Agent shall have no other obligations whatsoever hereunder to the parties hereto.

C.  Notwithstanding anything in this Agreement to the contrary, Escrow Agent shall not be bound by any term or provision in an agreement to which it is not a party.

**NOW, THEREFORE,** in consideration of the premises and the mutual covenants and agreements contained herein, the parties hereto agree as follows;

### AGREEMENT

1.  **Disbursements:** Escrow Agent shall disburse funds, subject to the terms of the Escrow Agreement (Holdback / JDA), in accordance with the written authorization executed by the Parties hereto or their Designated Agent.

2.  **Requests of Accounting:** Upon request of any of the Parties hereto a copy of Escrow Agent's record of accounting for funds received and disbursed, on Escrow Agent's form, shall be furnished to the parties hereto.

3.  **Indemnification:** The Parties hereto hereby indemnify and promise to hold harmless Escrow Agent against but not limited to all costs, damages, attorneys fees, expenses and liabilities which Escrow Agent may incur or sustain in connection with the Escrow Agreement (Holdback / JDA), or any court action arising therefrom, and will pay the same upon demand, except claims arising out of Escrow Agent's negligence, bad faith, recklessness, intentional misconduct or breach of the Agreement.

4.  **Conflicting Demands:** If conflicting demands are made upon Escrow Agent, Escrow Agent may hold any money or documents subject to such conflicting demands until the rights of the Parties making such conflicting demands be determined by court action.  Escrow Agent may interplead said Parties, whereupon Escrow Agent shall be fully relieved of any and all liability in regard to such demands and the Parties hereunder.

Esc.Agree.HB/JDA.Rev.7/2013

1
Case 2:13-bk-01848-DPC    Doc 255    Filed 01/20/14    Entered 01/21/14 09:33:44    Desc
Main Document    Page 9 of 13

5. **Specimen Signatures:** The Parties hereto shall furnish to Escrow Agent such information as may be required by Escrow Agent setting for the names and specimen signatures of their Designated Agent whose signature Escrow Agent may accept.

6. **Instruction to Escrow Agent:** This Agreement shall constitute joint instructions to Escrow Agent from the Parties and the amounts deposited shall be disbursed and dealt with by Escrow Agent in strict accordance with the following:
    a. **Money Market Account:** Escrow Agent may deposit or invest the amounts deposited in a money market account reasonably acceptable to Parties (provided the deposited amounts are available for immediate withdrawal, as and when required under the Agreement). Interest monies earned on such Money Market Account(s) will be added to the Escrow Account funds to be utilized for costs and fess related to the Agreement. It is understood by the Parties that the Escrow Agent is not providing management nor oversight functions with respect to a payment made on behalf of another, nor has significant economic interest in connection with the payment; and therefore, would not be responsible for issuing information returns to the IRS under IRC section 6041 and/or Rev. Rul. 73-90.
    b. **Limitation of Liability:** Notwithstanding any other provisions of this Escrow Agreement, Escrow Agent has no responsibility nor liability for completion of improvements to the Property; or to guarantee that the funds deposited into escrow are sufficient to complete the improvements; or for any mechanic's or materialmens liens that may be filed except to the extent that Escrow Agent fails to properly disburse monies pursuant to these instructions. Escrow Agent shall not be liable for any action taken or omitted by it, except for its own negligence, bad faith or willful misconduct; nor shall it be liable or responsible for the validity, enforceability or sufficiency of any document furnished to it pursuant to any provision thereof; nor shall it be responsible for any representation or statements made in any of those documents. Any disbursement by Escrow Agent of any advance shall not be deemed to be approved by Escrow Agent of any work performed or any materials furnished with respect thereto or a representation by Escrow Agent that the unused portion of the total cumulative sum is sufficient to pay remaining construction costs.
    c. **Advice of Counsel:** Escrow Agent shall be entitled to rely upon advice of counsel concerning legal matters and upon any document or notice delivered to it hereunder which it believes to be genuine or to have been presented by a proper person.
    d. **Compensation:** Escrow Agent shall be entitled to receive compensation for its services hereunder in accordance with the rate schedule attached hereto as Exhibit "2" and is incorporated herein by this reference. Escrow Agent is hereby authorized to deduct from first monies available its fees. **Note: A reasonable charge will be made for extraordinary services rendered. Six months Annual Fee minimum required.**

7. **Cancellation:** This Escrow Agreement may be canceled only upon written approval of all Parties hereto except as otherwise provided in the Escrow Agreement.
   a. The Escrow Agent's action upon cancellation shall consist of final disbursement of funds upon written direction of either the Parties or by court action, which ever is applicable.

8. **Standard Conditions of Escrow Controls**: To the extent of any conflicts between the Escrow Agreement and the Standard Conditions of Escrow concerning the obligations of the Escrow Agent, the provisions of this Standard Conditions of Escrow shall control.

9. **Resignation**: Escrow Agent has the right to resign upon written notice thereof mailed to the parties thirty (30) days prior to the effective date. If such right is exercised, all funds and documents shall be delivered to a mutually appointed substitute Escrow Agent or as otherwise directed by the parties hereto.

10. **Binding Effect**: This Agreement shall be binding upon and shall inure to the benefit of the heirs, representatives, successors and assigns of the Parties hereto.

11. **Party:** Whenever the context of this instrument so requires words used in the masculine gender include the feminine and neuter; the singular number includes the plural, and the plural the singular; the word person includes a corporation, company, partnership or association, or society as well as a natural person. Every reference to any Party or to the Parties collectively shall be deemed to constitute a reference to all successors in interest or assigns of the Party referred to.

ESCROW AGENT:
First American Title Insurance Company
Attention: Trust Department
PO Box 52023
Phoenix, Arizona 85072
9000 East Pima Center Parkway
Scottsdale, Arizona 85258
Phone: (602) 685-7000
Fax: (602) 685-7029

Esc.Agree.HB/JDA.Rev.7/2013

PARTIES:

By_____

Its:_____


By_____

It: _____



ESCROW AGENT:
FIRST AMERICAN TITLE INSURANCE COMPANY

By _____

Its: _____
       TRUST DEPARTMENT

Esc.Agree.HB/JDA.Rev.7/2013

4



EXHIBIT "2"

# TRUST DEPARTMENT
# SPECIAL COLLECTION ACCOUNT FEE SCHEDULE
### Effective 12/15/2012

| | |
|---|---|
| ACCEPTANCE AND SET UP FEE | $ 400.00 |
| Set Up Accounting of each Allocation Account | $ 150.00 |
| | |
| ADDITIONAL DEPOSIT (Not in Investment Account) | $ 25.00 |
| | |
| SET UP FEE OF INVESTMENT ACCOUNT (per account) | $ 75.00 |
|     Additional Deposits (each check ) | $ 25.00 |
|     Withdrawals (each ) | $ 25.00 |
| | |
| Each DISBURSEMENT (includes 2 remittances) | $ 75.00 |
|     Each additional remittance | $ 25.00 |
| | |
| Annual Fee in advance [1] | $ 300.00 |
| Annual Fee in advance of each Allocation Account | $ 200.00 |
| | |
| Annual Fee in advance – Auction Accounts | $2,000.00 |
| | |
| Courier Fee | $ 20.00 |
| NSF Fee | $ 25.00 |
| Assignment and Assumption | $ 150.00 |
| Amendment / Modification | $ 150.00 |
| Accounting Review/ Analysis Fees (per hour) | $ 100.00 |
| | |
| Letters of Credit (LOC's) | |
|     Acceptance/ Setup Fees | $ 75.00 |
|     Renewal | $ 75.00 |
|     Modification (Reduction/Extension) | $ 75.00 |
|     Termination | $ 75.00 |
| | |
| Deed of Trust (Full or Partial Release) | $ 75.00 |
| | |
| Termination/Close out Fee | $ 200.00 |

The above charges are the minimum charges and First American Title Insurance Company reserves the right to amend this schedule from time to time as deemed necessary.

[1]: Annual Fee of $300.00 covers the first $50,000 of projected project cost as outlined by the agreement between parties. The annual fee shall increase $1.00 per every $1,000.00 thereafter in estimated project cost; or increment thereof. Should the actual project costs be amended and/or exceed the estimated project costs the annual fee will be adjusted accordingly at the time of the next annual billing.

In addition to the basic fees described above, all parties will be required to pay for additional services in terminating the account or accounts and in performing services in connection with the transmission of any Notices required to be transmitted under terms of the Agreement.

All fees are based on present costs and are subject to change, without written notice or otherwise, in accordance with costs of operation.

Other Fees
Specific charges for letters of credit renewal, increases or decreases required pursuant to terms of the Agreement will be determined by the type of transaction, complexity of administration and/or accounting services required. These charges and any additional work will range from a minimum of **$75.00** to a maximum of $1,000.00 depending on the services required. (First American Title Insurance Company will require written instructions concerning the handling of these accounts along with a completed (IRS) W-9 Form.

Need to confirm with FATCO this fee schedule is still applicable and/or replace with current fee schedule.