SO ORDERED.

Dated: March 13, 2014

Daniel P. Collins, Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| In re: | In Proceedings Under Chapter 11 |
|---|---|
| MARVIN D. BRODY, | Case No. 2:13-bk-01848-DPC |
| Debtor. | ORDER RESOLVING GEARED EQUITY, LLC'S OBJECTION TO DEBTOR'S MOTION TO DISTRIBUTE SALE PROCEEDS |
| | Hearing Date: January 6, 2014<br>Hearing Time: 10:00 a.m. |

This matter came before the Court pursuant to the Debtor's *Emergency Motion For Distribution Of Sale Proceeds To the Debtor* (the "Motion") dated December 19, 2013. [DE #230] Geared Equity, LLC ("Geared Equity") filed an objection to the Motion. [DE #236] Geared Equity's objection is fully resolved pursuant to the terms of this Order. Based on the record before the Court and the stipulation of the parties set forth in this Order,

THE COURT HEREBY FINDS AND CONCLUDES AS FOLLOWS:

1. The Debtor previously appealed two orders of this Court which were entered in favor of Geared Equity. *See* Order dated August 16, 2013 [DE # 116]; Order dated November 21, 2013 [DE # 207] (the "Appealed Orders" and, collectively, the "Appeals"). Nothing in this Order constitutes a waiver or modification of the rights of either of the parties in the Appeals.

2. Great Pacific Escrow (the "Escrow Agent") is holding in escrow certain net sale proceeds owned by the Debtor, which escrow is identified as Escrow File No. 3132-KH (the "First Escrow").

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

3. The Debtor and Brody have arranged for the Escrow Agent to establish a second escrow pursuant to the terms of a written escrow agreement (the "<u>Second Escrow</u>" and the "<u>Escrow Agreement</u>," respectively). A true and correct copy of the Escrow Agreement is attached hereto as <u>Exhibit A</u>.

4. The Court has jurisdiction to enter this Order. The matters addressed herein constitute a core proceeding with respect to which this Court has the authority to enter a final order. The matters addressed herein have been duly and properly noticed.

5. There is good cause to enter this Order. The entry of this Order is in the best interests of the Debtor and the Debtor's estate.

Based on the foregoing, **IT IS HEREBY ORDERED AS FOLLOWS:**

A. This Order shall be effective upon entry of this Order and execution of the Escrow Agreement by the Debtor, Geared Equity, and the Escrow Agent. Upon the effective date of this Order, Geared Equity's objection shall be deemed withdrawn without any other or further action.

B. The Debtor shall transfer $200,000 in cash from the First Escrow to the Second Escrow (the "<u>Appeal Reserve</u>"), which funds are reserved for payment to: (i) Geared Equity upon final resolution of the Appeals in favor of Geared Equity; or (ii) the Debtor upon final resolution of the Appeals in favor of the Debtor.

C. The Escrow Agent shall be, and hereby is, authorized to transfer the $200,000 constituting the Appeal Reserve from the First Escrow to the Second Escrow and, upon entry of final and non-appealable orders resolving both of the Appeals, to release the Appeal Reserve ($200,000 plus interest net of fees due to the Escrow Agent) from the Second Escrow to the prevailing party in the Appeals.

D. The Debtor shall transfer $150,000 in cash from the First Escrow to the Second Escrow (the "<u>Initial Fee/Cost Reserve</u>"), which funds are reserved for reimbursement to Geared Equity for legal fees and costs upon entry of an order by this Court, after application, notice, and opportunity for hearing, that Geared Equity's fees and costs are allowed pursuant to section 506(b) of the Bankruptcy Code (the "<u>Approval Order</u>").

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

E. The Escrow Agent shall be, and hereby is, authorized to transfer the $150,000 constituting the Initial Fee/Cost Reserve from the First Escrow to the Second Escrow and, upon entry of an Approval Order, to pay to Geared Equity the cash amount set forth in the Approval Order.

F. The Debtor shall also transfer $50,000 in cash from the First Escrow to the Debtors' debtor-in-possession account (the "Supplemental Fee/Cost Reserve"), which funds are established as an additional reserve for payment of legal fees and costs to Geared Equity upon full disbursement of the funds in the Initial Fee/Cost Reserve and entry of an order by this Court that Geared Equity's fees and costs are allowed pursuant to section 506(b) of the Bankruptcy Code.

G. The Escrow Agent shall be, and hereby is, authorized to transfer the $50,000 constituting the Supplemental Fee/Cost Reserve from the First Escrow to the Debtor's debtor-in-possession account. The Debtor shall be, and hereby is, ordered to retain in not less than $50,000 in cash in his debtor-in-possession account, which funds will be available to satisfy Geared Equity's section 506(b) claim in the event: (i) the Initial Fee/Cost Reserve is fully disbursed to Geared Equity; and (i) the Court enters an order allowing such additional fees and costs under section 506(b) of the Bankruptcy Code.

H. Nothing in this Order limits the claim Geared Equity may assert pursuant to section 506(b) of the Bankruptcy Code, nor does this Order constitute a waiver by the Debtor of any objection or defense to such claim.

I. This Order and the terms hereof shall be, and hereby are, binding upon the Debtor and the Debtors' estate, and upon any trustee that may be appointed in the Debtor's bankruptcy case.

J. Geared Equity hereinafter shall not object to any matters presented by the Debtor to the Court unless Geared Equity reasonably believes such matter(s) may have an adverse impact on Geared Equity's economic rights in this bankruptcy case.

K. The terms of this Order control over any inconsistency or ambiguity between this Order and the Escrow Agreement. The Court retains jurisdiction to address any disputes arising under this Order and/or the Escrow Agreement.

**SIGNED AND DATED AS SET FORTH ABOVE.**

# EXHIBIT "A"

## STRICT JOINT ESCROW AGREEMENT

This escrow agreement ("Escrow Agreement") dated as of February __, 2014, is entered into by and among First American Title Insurance Company ("Escrow Agent"), Geared Equity, LLC ("Geared Equity"), and Marvin D. Brody, in his individual capacity and in his capacity as debtor in possession.

WITNESSETH:

WHEREAS, Mr. Brody is a chapter 11 debtor before the Bankruptcy Court for the District of Arizona, in Case No. 2-13-bk-01848-DPC (the "Court" and "Bankruptcy Case," respectively), and Geared Equity is a secured creditor in Mr. Brody's Bankruptcy Case.

WHEREAS, Geared Equity and Mr. Brody have agreed to escrow certain funds pursuant to an agreement of record in the Bankruptcy Case which is embodied in that certain *Order Resolving Geared Equity, LLC's Objection To Debtor's Motion To Distribute Sale Proceeds* dated January 20, 2014 (the "Stipulated Order"). All defined terms in the Stipulated Order are incorporated herein.

WHEREAS, Escrow Agent has agreed to act as escrow agent with respect to the Appeal Reserve and the Initial Fee/Cost Reserve, as such terms are defined in the Stipulated Order, pending final resolution of the Appeals.

NOW THEREFORE, for and in consideration of the foregoing, and the mutual covenants and agreements herein contained, the parties hereto stipulate, covenant, and agree as follows:

1. Escrow Agent agrees to act as escrowee, and to transfer the Appeal Reserve, in whole including accrued interest thereon, to the prevailing party entitled thereto upon entry of final and non-appealable orders entered with respect to the Appeals. Escrow Agent shall, at all times, have the right and obligation to disburse the Appeal Reserve, or any portion thereof, in accordance with a joint, written instruction signed by legal counsel for both Geared Equity and Mr. Brody.

2. Escrow Agent further agrees to act as escrowee, and to transfer the Initial Fee/Cost Reserve, in whole or in part, to Geared Equity upon receipt of a certified Approval Order, in the amount as approved by the Bankruptcy Court in the Approval Order. Escrow Agent further agrees to transfer the accrued interest on the Initial Fee/Cost Reserve to Mr. Brody upon the entry of the Approval Order. Escrow Agent shall, at all times, have the right and obligation to disburse the Initial Fee/Cost Reserve, or any portion thereof, in accordance with a joint, written instruction signed by legal counsel for both Geared Equity and Mr. Brody.

3. Escrow Agent is acting for both Geared Equity and Mr. Brody.

4. Escrow Agent hereby acknowledges receipt of the Appeal Reserve in the amount of Two Hundred Thousand Dollars ($200,000.00).

1

753178.3\0342741

*MB*

5.  Escrow Agent further hereby acknowledges receipt of the Initial Fee/Cost Reserve in the amount of One Hundred Fifty Thousand Dollars ($150,000.00).

6.  *Exhibit "1" Standard Conditions Of Escrow* are attached hereto and incorporated herein. The fees of Escrow Agent for acting hereunder are set forth in Exhibit 2 hereto, payable in equal (fifty percent) shares by Mr. Brody and Geared Equity.

7.  Any required notices shall be given at the following addresses:

> If to Escrow Agent:
>
> First American Title Insurance Company
> 9000 E. Pima Center Parkway
> Scottsdale, AZ 85258
> Attention: Sandi Overbey – Trust Department
> Facsimile: (602) 685-7029
> E-Mail: soverbey@firstam.com
>
> If to Geared Equity:
>
> Bryan Cave LLP
> 2 North Central Avenue
> Suite 2200
> Phoenix, Arizona 85004
> Attn: Robert J. Miller, Esq.
> Facsimile: (602) 364-7070
> E-Mail: rjmiller@bryancave.com
>
> If to Mr. Brody:
>
> Polsinelli PC
> One East Washington Street
> Suite 1200
> Phoenix, Arizona 85004
> Attn: John J. Hebert, Esq.
> Facsimile: (602) 264-7033
> E-Mail: jhebert@polsinelli.com

8.  If conflicting demands are made upon Escrow Agent or legal action in connection with this Escrow Agreement, Escrow Agent may withhold and stop all further proceedings without liability therefor, or Escrow Agent may file suit interpleader or declaratory relief in the Bankruptcy Case.

9.  Amendments to this Escrow Agreement shall be in writing, signed by all parties hereto, and shall be considered the same as this Escrow Agreement.

2

753178.3\03427-41

10. No waiver by either party of any breach of any term or condition of this Escrow Agreement shall operate as a waiver of any other breach of such term or condition or of any other term or condition. No failure to enforce such provision shall operate as a waiver of such provision or of any other provision hereof, or constitute or be deemed a waiver or release of any other party for anything arising out of, connected with, or based upon this Escrow Agreement. This Escrow Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective transferees, successors, and assigns.

11. This Escrow Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument.

3

753178.3\0342741

IN WITNESS WHEREOF, the undersigned have caused this ESCROW AGREEMENT to be executed by their officers thereunto duly authorized as of the day and year first above written.

ESCROW AGENT

FIRST AMERICAN TITLE INSURANCE COMPANY
(a California corporation)

By: _____
Name: _____
Title: _____

GEARED EQUITY, LLC
(an Arizona limited liability company)

By: _____[signature]_____
Name: Daniel D. Diethelm
Title: Manager

_____[signature]_____
MARVIN D. BRODY

4