1   FENNEMORE CRAIG, P.C.
    Nicolas B. Hoskins (No. 023277)
2   2394 E. Camelback Road
    Suite 600
3   Phoenix, AZ 85016-3429
    Telephone:  (602) 916-5419
4   Facsimile:  (602) 916-5619
    Email:  nhoskins@fclaw.com
5
    Attorney for Creditor Mission Pools of
6   Escondido

7

8                 **IN THE UNITED STATE BANKRUPTCY COURT**

9                    **FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re | Chapter 11 Proceedings |
| MARVIN D. BRODY, | Case No. 2:13-bk-01848-DPC |
| Debtor. | **MOTION FOR PAYMENT OF CLAIM NO. 4** |
| | Hearing Date:<br>Hearing Time: |

        Creditor Mission Pools of Escondido ("Mission Pools") files this Motion for

Payment of Claim No. 4, as amended, in the amount of **$66,826.23** (the "Claim"), and

asks the Court to enter an Order directing the Debtor to make payment on the Claim.   The

Motion is supported by the following Memorandum of Points and Authorities.

              **MEMORANDUM OF POINTS AND AUTHORITIES**

A.      **Factual Background**

        On or about February 11, 2013, the Debtor filed a Petition pursuant to Chapter 11

of the Bankruptcy Code (the "Petition Date").   Prior to the Petition Date, Mission Pools

commenced litigation in San Diego County, California, Superior Court Case No. 37-2012-

00086783-CU-BC-CTL (the "Foreclosure Complaint"), to foreclose its mechanic's lien

1  against the Debtor's real property in Coronado, California (the "Property").

2      At all times since the Court approved the Debtor's sale of the Property, the Debtor

3  has had sufficient funds to pay the Claim, and has as of this writing paid all other estate

4  creditors but one.  But he has elected not to pay the Claim, or any portion of it.

5      The Claim arises out of work Mission Pools provided the Debtor to construct a

6  pool and related improvements on the Property, which is detailed more fully in the

7  Foreclosure Complaint, attached to the Claim.  The contract was amended to add a 6' x

8  30' lap pool to connect to the existing pool, and later amended again to add 6 crystal

9  fountain deck mounted stream jets in the lap pool, among other changes.  *See* Declaration

10  of Brad Cotton (the "Cotton Declaration"), at ¶6.  The Cotton Declaration is attached

11  hereto as **Exhibit 1**.  A true and correct copy of the Claim is attached hereto as **Exhibit 2**;

12  *see also* Cotton Declaration, at ¶6.

13      Section 9 of the Debtor's contract with Mission Pools is an attorneys' fees

14  provision that provides that in the event of a dispute under the contract, "the party

15  prevailing in such dispute will be entitled to reasonable attorney's fees."  Mission Pools

16  has been seeking payment of its claim for nearly two years, has been forced to commence

17  litigation and remains unpaid. *See* Cotton Declaration, at ¶7; *see also* Mission 016.[1]

18      The Claim is comprised of the following amounts: (1) principal of $40,430.20;

19  (2) pre- and post-petition interest at 10%/annum,[2] or $11.08/per diem, (7/1/12 to 4/23/14 =

20  _____
     [1]  All Bates numbers referenced herein are attached to the Claim.

21  [2]  The applicable contract is based on California law.  The 10% rate derives from two code
22  sections.  The following code section authorizes interest on liquidated contract claims:

23  California Civil Code Section 3287.  (a) A person who is entitled to recover damages
     certain, or capable of being made certain by calculation, and the right to recover which is
24  vested in the person upon a particular day, is entitled also to recover interest thereon from
     that day, except when the debtor is prevented by law, or by the act of the creditor from
25  paying the debt. This section is applicable to recovery of damages and interest from any
     debtor, including the state or any county, city, city and county, municipal corporation,
26  public district, public agency, or any political subdivision of the state.

FENNEMORE CRAIG, P.C.
Phoenix

9096808

- 2 -

662 days), for a total of $7,323.88 (which sum includes pre-petition interest of $2,493.00 and post-petition interest of $4,830.88); (3) pre-petition litigation costs and lien recordation costs of $2,368.45; (4) pre-petition legal fees of $7,425.50; (5) post-petition attorneys' fees of $9,255.00; and (6) post-petition costs of $22.70. The total is **$66,826.23**.

## B. Debtor's Objections Fail

The Debtor has ostensibly refused to pay the Claim for three reasons, each of which fails: (1) the Claim does not account for an alleged payment of $7,956.00; (2) the attorneys' fees are unreasonable; and (3) the principal amount of the claim should be $37,971.12, rather than $40,430.20.

### 1. Alleged SRJ Payment Never Occurred

It is Mission Pools' understanding that the Debtor asserts that the Claim should be reduced by $7,956.00 for an alleged payment made by SRJ. In the fourteen months this case has been pending, the Debtor has been unable to provide any evidence (e.g., cancelled check, proof of wire transfer) to substantiate the assertion that the referenced payment was ever made. And it was not. *See* Cotton Declaration, at ¶9. The Debtor has not provided a good faith basis for failing to pay the $7,956.00 or, indeed, for withholding payment on the undisputed portions of the Claim.

### 2. Mission Pools' Attorneys' Fees Are Reasonable

It is Mission Pools' understanding that the Debtor asserts that the attorneys' fees included in the Claim are unreasonable. Mission Pools respectfully submits that its fees are reasonable, and that the Court is able to make an appropriate determination in this

---

Further, the following code section authorizes 10% per annum of allowed interest after breach: California Civil Code Section 3289. (a) Any legal rate of interest stipulated by a contract remains chargeable after a breach thereof, as before, until the contract is superseded by a verdict or other new obligation. (b) If a contract entered into after January 1, 1986, does not stipulate a legal rate of interest, the obligation shall bear interest at a rate of 10 percent per annum after a breach.

FENNEMORE CRAIG, P.C.

PHOENIX

9096808

- 3 -

1   regard.

2          Invoices for attorneys' fees, modestly redacted to preserve attorney-client

3   privilege, are attached to the Claim (unredacted versions are available at the Court's

4   direction).  The fees, totaling $16,681, are roughly 33% of Mission Pools' total damages,

5   interest and costs associated with the Claim.   The fact that the Debtor still has not paid

6   even the undisputed portion of Mission Pools claim is evidence enough of the work (and

7   concomitant cost) required to move this matter to resolution and get paid.  A substantial

8   portion of the fees were accrued in pursuing a mechanics lien foreclosure action in

9   California that arose as a consequence of the Debtor's non-payment. The remainder have

10  all been incurred in this case in the service of getting Mission Pools paid, at long last.  A

11  narrative concerning the steps Mission Pools has taken in that regard is included in the

12  Declaration of Michael Friedrichs (the "Friedrichs Declaration"), attached as **Exhibit 3**.

13         The Court is within its authority and ability to determine the reasonableness of

14  attorneys' fees.  It is well established in the Ninth Circuit that judges may rely on their

15  own experience in determining the reasonableness of fees.  *See Ingram v. Oroudjian*, 647

16  F.3d 925, 928 (9th Cir. 2011) ("judges are justified in relying on their own knowledge of

17  customary rates and their experience concerning reasonable and proper fees"); *see also*

18  *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988)

19  (courts are experts as to the reasonableness of attorney fees and award may be based on

20  court's own experience); *In re U.S. Golf Corp.*, 639 F.2d 1197, 1207 (5th Cir. 1981)

21  (same).  Mission Pools respectfully submits that the summary of charges and invoices

22  attached to the Claim, coupled with the Friedrichs Declaration, set forth the

23  reasonableness of the fees under the circumstances.  Further, Mr. Friedrich's $295.00

24  hourly rate for 2013 is no less reasonable than Mr. Hebert's $650.00 hourly rate the same

25  year.  Mission Pools just wants to be paid for the work it performed back in 2012 and

26  commends itself to the Court's discretion and judgment in making a reasonableness

determination, and entering an order requiring the Debtor to pay what it owes.

3. **The Principal Amount of the Claim is $40,430.20, Not $37,971.12**

It is Mission Pools' understanding that the Debtor asserts that the principal amount due is $37,971.12, rather than the $40,430.20 in the claim. This is not correct. The contract at issue provided for percentage progress payments based on the status of the construction of the pools. It is Mission Pools' understanding that the parties agree that the construction on the contract as a whole stopped at the 70% phase. However, as noted above, there were two change orders executed in connection with the project. The first change order was paid in full before the Debtor's default. The second change order ("Change Order 2"), in the amount of $5,953.00 (Mission 036) was fully performed and remains unpaid. The Debtor appears to assert that only 70% of the change order should be paid be paid notwithstanding the fact that 100% of the work under Change Order 2 was completed. There is no basis in the contract for Debtor's assertion. *See* Cotton Declaration, at ¶10. As such, full payment is due on Change Order 2 and the principal amount of the Claim is correct.

**C.  Conclusion**

For the foregoing reasons, the Court should order the Debtor to pay the Claim in full.

DATED this 28th day of April, 2014

FENNEMORE CRAIG, P.C.

By  */s/ Nicolas B. Hoskins (023277)*
Nicolas B. Hoskins
Attorneys for Mission Pools of
Escondido

Copy of the foregoing emailed or mailed
this 28th day of April, 2014, to:

1  John J. Hebert
2  Michael W. Zimmerman
   POLSINELLI PC
3  One East Washington Street
   CityScape Building, Suite 1200
4  Phoenix, AZ 85004
5  JHebert@Polsinelli.com
   *Attorneys for Debtor*
6

7  By: */s/ Pamela Sabori*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

FENNEMORE CRAIG, P.C.

PHOENIX

9096808

- 6 -