IN THE UNITED STATES BANKRUPTCY COURT

THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>MARVIN D. BRODY,<br><br>Debtor. | Chapter 11 Proceedings<br><br>Case No. 2-13-bk-01848-DPC<br><br>**STIPULATED ORDER AUTHORIZING THE DISTRIBUTION OF REMAINING SALE PROCEEDS** |

This matter having come before the Court upon the *Motion to Approve the Distribution of Remaining Sale Proceeds and to Authorize the Use of Funds Outside the Ordinary Course Of Business* (the "Motion") filed by Marvin D. Brody, debtor-in-possession in the above-captioned bankruptcy proceedings (the "Debtor"), and upon consideration of the Motion, the *Objection to Debtor's Motion to Approve Distribution of Remaining Sale Proceeds and to Authorize the Use of Funds Outside the Ordinary Course of Business* (the "Objection") filed in response thereto by Geared Equity, LLC ("Geared Equity"), and the arguments of counsel at the hearing held on July 22, 2014 (the "Hearing"),

**THE COURT FINDS AND CONCLUDES AS FOLLOWS:**

1. On or about August 16, 2013 the Debtor sold certain real property located at 1 Spinnaker Way, in Coronado, California, for $6,600,000 (the "Sale Proceeds").

2. On or about March 13, 2014, with the consent of the Debtor and Geared Equity, the Court entered its *Order Resolving Geared Equity, LLC's Objection to Debtor's Motion to*

1

*Distribute Sale Proceeds* (the "Agreed Order") which provided for the transfer and reserve of certain portions of the Sale Proceeds.

3. Great Pacific Escrow, Inc. ("Great Pacific") is currently holding approximately $790,888.51 in residual Sale Proceeds in an escrow identified as Escrow File No. 3132-KH (the "Residual Sale Proceeds Escrow").

4. First American Title Insurance Company ("FATCO") is currently holding not less than $200,000 in an escrow identified as Escrow File No. 402-5619869, Account No. 4600032544 (the "Appeal Escrow"), pursuant to the terms of the "Agreed Order."

5. FATCO is currently holding not less than $150,000 in an escrow identified as Escrow File No. 402-5619869, Account No. 4600032545 (the "Fee Reserve Escrow"), for the reimbursement to Geared Equity of legal fees and costs which, after application and a hearing, are approved by the Court.

6. The Debtor is holding $50,000 in his debtor-in-possession account (the "DIP Account") for the reimbursement to Geared Equity of legal fees and costs if, after application and a hearing, the Court approves and allows the reimbursement of fees and costs in excess of the Fee Reserve Escrow (the "Supplemental Fee Reserve").

7. The Debtor filed the Motion seeking a disbursement from the Residual Sale Proceeds Escrow for, among other things, the purchase of certain real property located at 8226 E. Clinton, Scottsdale, AZ 85260 (the "Clinton Property") at a trustee's sale scheduled for July 23, 2014 or, alternatively, the purchase of the promissory note secured by the Clinton Property.

8. The Debtor contends that, on or about July 16, 2014, notwithstanding the entry of a prohibitory temporary restraining in certain related litigation pending before the Maricopa County Superior Court as Case Number CV2014-007812, the Clinton Property was sold, and the Trustee's Sale was subsequently cancelled.

9. The Debtor does not currently intend to acquire the Clinton Property, but still seeks the distribution of the funds held in the Residual Sale Proceeds Escrow for use in the ordinary course of business in accordance with the requirements of the Bankruptcy Code.

2

10. All of the claims against the Debtor's estate, except for the claims of Geared Equity, have been paid, adjudicated, or otherwise resolved.

**IT IS HEREBY ORDERED AS FOLLOWS:**

A. Notice of the Motion and Hearing was appropriate and sufficient, under the circumstances.

B. The Motion is granted, subject to the terms and conditions set forth herein.

C. Great Pacific is hereby authorized and directed to transfer an additional $100,000 to the Fee Reserve Escrow.

D. Great Pacific is hereby authorized and directed to transfer $137,500 to the trust account of Polsinelli, PC ("Polsinelli") for the payment of past and future fees and costs which, to the extent necessary, shall be previously approved by the Court.

E. After completing the transfers otherwise required hereunder, Great Pacific is hereby authorized and directed to transfer any funds remaining in the Residual Sale Proceeds Escrow, less any costs necessary to issue a final account and close the Residual Sale Proceeds Escrow, to the Debtor's DIP Account.

F. Upon the completion of the transfers identified herein, Great Pacific is hereby authorized to close the Residual Sale Proceeds Escrow.

G. The Debtor is authorized to use the funds transferred to his DIP Account, except for the Supplemental Fee Reserve, in the ordinary course of business, subject to the conditions and limitations of the Bankruptcy Code and the Agreed Order.

H. Geared Equity shall, in no event, seek the approval or allowance of reimbursement for fees and costs in excess of $300,000, which aggregate amount shall be held in the Fee Reserve Escrow and the Supplemental Fee Reserve.

I. Nothing herein shall be construed as approving or allowing the reimbursement to Geared Equity of any fees or expenses, and the Debtor has, and retains, the ability to object to any application seeking the allowance of any fees or costs pursuant to 11 U.S.C. § 506(b) on any grounds available at law or equity.

3

J.  Except as expressly modified herein, the Agreed Order shall remain in full force and effect. In the event of any ambiguity between this Order and the Agreed Order, the Agreed Order shall control.

**DATED AND SIGNED ABOVE.**

**APPROVED AS TO FORM AND CONTENT:**

Polsinelli P.C.

By _____
    John J. Hebert
    Wesley D. Ray
    One E. Washington Street, Suite 1200
    Phoenix, AZ  85004
    Attorneys for Debtor

Bryan Cave LLP

By  */s/ Robert J. Miller*   signed with permission
    Robert J. Miller
    Amanda L. Cartwright
    Two N. Central Avenue, Suite 2200
    Phoenix, AZ  85004
    Attorneys for Geared Equity LLC

Office of the United States Trustee

By  *see attached email*
    Jennifer A. Giaimo
    230 N. First Avenue, Suite 204
    Phoenix, AZ  85003

4

Mary A. Shultz

| | |
|---|---|
| **From:** | John J. Hebert |
| **Sent:** | Thursday, August 28, 2014 1:06 PM |
| **To:** | Giaimo, Jennifer A. (USTP); Mary A. Shultz; rjmiller@bryancave.com |
| **Subject:** | RE: Brody Distribution Order |

Jennifer—J. Collins asked us to get US Trustee signing off—but if you are uncomfortable—I will indicate that to him. thanks

---

**From:** Giaimo, Jennifer A. (USTP) [mailto:Jennifer.A.Giaimo@usdoj.gov]
**Sent:** Thursday, August 28, 2014 12:24 PM
**To:** Mary A. Shultz; rjmiller@bryancave.com
**Cc:** John J. Hebert
**Subject:** RE: Brody Distribution Order

Mary,
I'm not sure why I was included on this, but I have not been involved in this. Therefore, I cannot sign this stipulation.

Best regards,

Jennifer A. Giaimo
Trial Attorney
United States Department of Justice
United States Trustee's Office
230 North First Avenue, Suite 204
Phoenix, Arizona 85003
Telephone: (602) 682-2617
Facsimile: (602) 514-7270
Email: Jennifer.A.Giaimo@usdoj.gov

---

**From:** Mary A. Shultz [mailto:MShultz@Polsinelli.com]
**Sent:** Thursday, August 28, 2014 10:54 AM
**To:** rjmiller@bryancave.com; Giaimo, Jennifer A. (USTP)
**Cc:** John J. Hebert
**Subject:** Brody Distribution Order

Jack Hebert requests that you sign and return the attached Stipulated Distribution Order to me for filing with the court. Thanks very much.

**Mary A. Shultz**
*Legal Administrative Assistant*

mshultz@polsinelli.com
**602.650.2014**
One East Washington St., Suite 1200
Phoenix, AZ 85004-2568

polsinelli.com

1
Case 2:13-bk-01848-DPC    Doc 368    Filed 09/02/14    Entered 09/03/14 09:48:40    Desc
Main Document    Page 5 of 6



Polsinelli PC, Polsinelli LLP in California

```
This electronic mail message contains CONFIDENTIAL information which is (a) ATTORNEY -
CLIENT PRIVILEGED COMMUNICATION, WORK PRODUCT, PROPRIETARY IN NATURE, OR OTHERWISE
PROTECTED BY LAW FROM DISCLOSURE, and (b) intended only for the use of the Addressee(s)
named herein. If you are not an Addressee, or the person responsible for delivering this
to an Addressee, you are hereby notified that reading, copying, or distributing this
message is prohibited. If you have received this electronic mail message in error, please
reply to the sender and take the steps necessary to delete the message completely from
your computer system.
```